FILED
CLERK, U.S. DISTRICT COURT

OCT 29 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DONNA JELENIC,

    Petitioner,

v.

GUILLERMO GARCIA, WARDEN,

    Respondent.

No. CV 10-2899 JST (FFM)

ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION

    On April 13, 2010, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. This Court entered an order on April 21, 2010 requiring respondent to file a response to the Petition. On July 2, 2010, respondent filed a motion to vacate the order requiring a response on the ground that the Petition is a second or successive petition pursuant to 28 U.S.C. § 2244(b) and that, as a consequence, this Court does not have jurisdiction over the Petition. Respondent lodged documents from this Court demonstrating that petitioner filed a prior habeas petition in this Court on May 7, 1991 (Case No. CV 91-2483) directed to the same conviction sustained in Los Angeles County Superior Court as the Petition. On October 6, 1992, Judgment was entered in Case No. CV 91-2483 denying the Petition on the merits and dismissing the action with prejudice.

/ / /

1  The Petition now pending is governed by the provisions of the
2  Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110
3  Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of
4  the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

///

1      The Petition now pending constitutes a second and/or successive petition challenging the same conviction as petitioner's prior habeas petition in Case No. CV 91-2483, within the meaning of 28 U.S.C. § 2244(b). Because petitioner seeks to pursue claims not contained in the earlier Petition, it was incumbent on her under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to her filing of it in this Court. This requirement applies to a second petition filed after the effective date of this provision even where, as here, the first petition was filed before the effective date. *United States v. Villa-Gonzalez*, 208 F.3d 1160, 1163-64 (9th Cir. 2000). Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.

     For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 10·29·10

JOSEPHINE STATON TUCKER
United States District Judge


Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge

3